UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMY CASEL,

     Plaintiff,         DECISION & ORDER

v.                17-CV-350-FPG

ERIE INSURANCE COMPANY,

     Defendant.
_____

   On April 25, 2017, Defendant Erie Insurance Company ("Defendant") filed a Notice of Removal purporting to remove this case from the Supreme Court of the State of New York, County of Chautauqua, and invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* ECF No. 1. On October 27, 2017, the Court ordered Defendant to show cause why the case should not be remanded to the New York State Supreme Court for lack of subject matter jurisdiction. ECF No. 7. Defendant responded on November 9, 2017. *See* ECF No. 4. For the reasons that follow, the Court finds that Defendant has shown that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## DISCUSSION

   Federal district courts may exercise original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See* 28 U.S.C. § 1332. The burden of demonstrating that diversity among the parties exists, and that such diversity is "complete," rests with the party seeking to invoke jurisdiction under 28 U.S.C. § 1332. *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001).

---

[1]  As the Court noted in its Order to Show Cause (ECF No. 7), the Court is satisfied that the amount in controversy has been adequately demonstrated. Thus, the Order to Show Cause did not mandate that Defendant make a further showing with regards to the amount in controversy in this case. *See* ECF No. 1 at 1 n. 1.

Diversity is "complete" where each plaintiff's citizenship is different from the citizenship of each defendant. *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

For purposes of establishing diversity, a corporation is deemed a citizen of "every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332 (emphasis added); *see, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The citizenship of an individual is based upon her domicile. "Domicile is the place where a person has [her] true fixed home and principal establishment, and to which, whenever [she] is absent, [she] has the intention of returning." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011) (citations and internal quotation marks omitted). An individual's domicile is determined as of the date the complaint is filed. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001).

An individual's present domicile continues "absent evidence that it has been changed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998). An individual's domicile has changed when two factors are met: "(1) residence in a new domicile; and (2) the intention to remain there indefinitely." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In examining a party's domiciliary intent, courts look to objective indicators, including

> current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration [and] payment of taxes.

*Connolly v. Spielman*, 999 F. Supp. 270, 272-73 (N.D.N.Y. 1998) (citations omitted). "No single factor is dispositive." *Id.*

The Court's Order to Show Cause sought additional information regarding both Plaintiff's and Defendant's citizenship so that the Court could properly evaluate whether diversity exists

among the parties. Based on Defendant's Response (ECF No. 8), the Court is satisfied that it may exercise jurisdiction over this case under 28 U.S.C. § 1332(a).

First, Defendant has demonstrated that Plaintiff is a citizen of South Carolina for purposes of diversity jurisdiction. Plaintiff "permanently" moved to South Carolina in December 2014, lived in South Carolina at the time this lawsuit was commenced, and "really didn't want to ever have to move back" to New York. ECF Nos. 8 at 3, 8-1 at 32-33. After moving to South Carolina, Plaintiff changed her address with the Post Office and registered to vote in South Carolina. ECF No. 8-1 at 32. Furthermore, Plaintiff had not returned to her New York property at the time the Complaint was filed. ECF No. 8-1 at 77. Accordingly, the Court finds that Plaintiff effected a change in her domicile from New York to South Carolina because she (1) resided in South Carolina and (2) intended to remain there indefinitely. *See Connolly*, 999 F. Supp. 270, 272-73 (N.D.N.Y. 1998).

Defendant has also met its burden to show that the Defendant, Erie Insurance Company, is a citizen of Pennsylvania. The Court directed Defendant to explain the citizenship of the entity or entities included in the caption of Plaintiff's Complaint: "Erie Insurance Company a/d/a Erie Insurance Company of New York." *See* ECF No. 7 at 6. By Stipulation and Order (ECF No. 12) signed by both parties and So Ordered by the Court, Erie Insurance Company of New York has been dismissed as a party to this action, "to the extent the complaint can be read as asserted against this entity in addition to Erie Insurance Company." *See* ECF No. 12 at 1. Therefore, the sole remaining question regarding Defendant's citizenship is the citizenship of Erie Insurance Company. As Defendant has demonstrated, Erie Insurance Company is incorporated and maintains its principal place of business in Pennsylvania. ECF Nos. 8-3 at 2, 8-4 at 4-6.

Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of South Carolina, Defendant is a citizen of Pennsylvania, and there is diversity of citizenship among the parties.

## CONCLUSION

For the reasons stated above, the Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1332(a). By separate order, the Court will refer this case to a United States Magistrate Judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: April 6, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court